UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---

TRAVELPASS GROUP, LLC, PARTNER FUSION, INC., and RESERVATION COUNTER, LLC,

        Plaintiffs,

v.

CAESARS ENTERTAINMENT CORPORATION, CHOICE HOTELS INTERNATIONAL, INC., HILTON DOMESTIC OPERATING COMPANY, INC., HYATT HOTELS CORPORATION, MARRIOTT INTERNATIONAL, INC., RED ROOF INNS, INC., SIX CONTINENTS HOTELS, INC., and WYNDHAM HOTEL GROUP LLC,

        Defendants.

Case No. 3:21-mc-00006-SRU

---

**OPPOSITION TO DEFENDANTS MARRIOTT INTERNATIONAL, INC., CHOICE HOTELS INTERNATIONAL, INC. AND SIX CONTINENTS HOTELS, INC.'S MOTION TO TRANSFER**

**I.   INTRODUCTION**

The present dispute stems from a misplaced motion to compel brought pursuant to Rule 45 of the Federal Rules of Civil Procedure by Defendants Marriott International, Inc., Choice Hotels International, Inc. and Six Continents Hotels, Inc. (the "Moving Defendants") against non-party, Booking Holdings Inc. ("BHI") on February 5, 2021. (*See* Doc. 1.) Almost two weeks after filing their motion to compel, on February 17, 2021, Moving Defendants filed an "emergency" motion to transfer requesting that the dispute be moved to the District Court for the Eastern District of Texas (the "Issuing Court"), where the substantive action is currently pending. (*See* Doc. 13.) As explained below, the motion to transfer should be denied because Moving Defendants have not and cannot show that any "exceptional circumstances" exist to transfer the foregoing matter.

In their motion to transfer, the Moving Defendants claim that the existence of a scheduling order and the Issuing Court's familiarity with the underlying facts constitute "exceptional circumstances" which would warrant a transfer. Both of these circumstances, however, exist in every case, and thus are not "exceptional." Moreover, a familiarity with the underlying facts is not necessary to determine the Moving Defendants' motion to compel. Rather, this Court need merely read Rule 45 to deny the Moving Defendants' motion to compel as none of the Moving Defendants' have standing to compel a response to a subpoena issued by a non-party to this dispute.[1]

Here, the Moving Defendants are not moving to compel a subpoena that they issued. Rather, in contravention to the explicit terms of Rule 45, the Moving Defendants are moving to compel a subpoena issued by a former co-defendant who was dismissed from the underlying litigation, with prejudice, over four months ago. As such, there are no issues that require this Court to have extensive knowledge on the background of the underlying litigation, or any other basis which would warrant transferring this dispute from this Court in Connecticut to the Issuing Court in Texas. Accordingly, the Moving Defendants' motion to transfer should be denied.

## II.   BACKGROUND

On February 18, 2020, Red Roof Inns, Inc. ("Red Roof") issued a subpoena on BHI (the "Red Roof Subpoena") seeking discovery in the action pending in the Eastern District of Texas captioned *TravelPass Group, LLC et al. v. Caesars Entertainment Corp., et al.,* 5:18-cv-153-CMC-RWS (the "Underlying Litigation"). (*See* Doc. No. 1-5.) Notably, the Red Roof Subpoena was issued to BHI solely by "Red Roof Inns, Inc." (*Id.*) Following receipt of the Red Roof

---

[1] The opposition to the motion to compel is presently due on March 8. (*See* Doc. 10.) BHI reserves all its rights to assert any and all arguments in those papers and nothing contained herein should be viewed as a waiver of any such arguments.

Subpoena, Red Roof's counsel was advised that BHI, as a non-operating holding company, would not have any responsive documents but that, as a courtesy, Priceline.com LLC ("Priceline") was amenable to responding to the Red Roof Subpoena as if it were served on Priceline and, in an effort of cooperation, Priceline did not require a standalone subpoena to be served on Priceline. (*See* Doc. 1-6.)  Highlighting the Moving Defendants' attenuated relationship to the Red Roof Subpoena, Moving Defendants incorrectly filed the present dispute against BHI, not Priceline.

In the months following the issuance of the Red Roof Subpoena, the undersigned negotiated with Red Roof's counsel on the parameters of a potential production by Priceline. In September 2020, Red Roof's counsel added, Jordan Ludwig, Marriott's counsel, to the discussion on the premise that Mr. Ludwig had an expertise in ESI and the search parameters being discussed. Approximately a month later, on October 14, 2020, Red Roof was dismissed with prejudice from the Underlying Litigation. (*See* Underlying Litigation, Doc. No. 360.)  Moving Defendants, however, did not inform Priceline that Red Roof had been dismissed from the Underlying Litigation, and continued to insist on compliance with the Red Roof Subpoena, even though they were not a party to it. On January 25, 2021, Priceline advised Mr. Ludwig that it had been made aware that Red Roof had been dismissed with prejudice from the Underlying Litigation, and therefore it would not produce documents in the absence of a valid and enforceable subpoena from the Moving Defendants. (*See* Doc. No. 1-8.)

### III.    ARGUMENT

#### A.    The Moving Defendants Fail to Satisfy Their Burden of Showing Exceptional Circumstances Exist to Warrant a Transfer

##### i.    The Applicable Burden and Standard

To transfer a subpoena-related motion out of the compliance court, Rule 45(f) requires the party seeking to transfer show "exceptional circumstances" exist. Specifically, the Rule states, in pertinent part:

> **(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or ***if the court finds exceptional circumstances…***

Fed. R. Civ. P. 45(f) (emphasis added). The Advisory Committee Notes further provide that:

> In the absence of consent, the court may transfer in exceptional circumstances, and ***the proponent of transfer bears the burden of showing that such circumstances are present*** … it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.

Fed. R. Civ. P. 45, Advisory Committee's Note (emphasis added).

The plain language of Rule 45 (d) and (f) make it abundantly clear that the party seeking compliance[2] must bring the subpoena related action where compliance is required *unless* the subpoenaed party consents to transfer or exceptional circumstances exist. Since BHI and Priceline do not consent to transfer this dispute, the Moving Defendants must make a showing of "exceptional circumstances." This test does not require the balancing of the burdens of the parties. *See Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 407 (N.D. Ala. 2014). Rather, "exceptional circumstances must first be found before any balancing takes place. The lack of a burden imposed on the nonparty by transfer is not in itself an exceptional circumstance and is insufficient to warrant transfer." *Id*.

---

[2] BHI expressly reserves its right to challenge Moving Defendants standing to bring the motion to compel.

### ii. The Moving Defendants Fail to Demonstrate "Exceptional Circumstances"

The circumstances offered by the Moving Defendants to support their motion to transfer are not "exceptional." In essence, Moving Defendants argue that "exceptional circumstances" exist because: (1) the issue of "timeliness…would benefit from the Issuing Court's insights and the interpretation of its own Discovery Order and case management plans…" and (2) the "Issuing Court is now thoroughly familiar with the facts and issues underlying this" action. (*See* Moving Defendants' MOL (Doc. 13-1), p. 1.)

First, every action in federal district court has a scheduling order and/or discovery deadlines which require a court's enforcement and interpretation. *See* Fed. R. Civ. P. 16. The fact that discovery deadlines exist is commonplace, and nothing more. Second, in most (if not all) actions, the issuing court has more familiarity with background facts of the action than the compliance court. Again, this is commonplace and cannot amount to exceptional circumstances. *See Isola USA Corp. v. Taiwan Union Tech. Corp.*, 12-CV-01361-SLG, 2015 WL 5934760, at *3 (D. Mass. June 18, 2015) ("There is no question that the [issuing court] is more familiar with the procedural and substantive aspects of the underlying patent litigation. However, that cannot be what Congress meant when it required a finding of exceptional circumstances, otherwise the exception would swallow the rule. As a general matter, a Rule 45 subpoena-related motion will always be resolved by a court less familiar with the underlying litigation.")

Moreover, there are no complex issues or questions of relevancy involved in the motion to compel. Rather, Priceline's opposition to the Red Roof Subpoena is largely procedural and thus does not require this Court to have extensive knowledge of the background facts of the Underlying Litigation. As stated, the primary issue before this Court in the motion to compel is whether, under Rule 45, a non-party can move for compliance of a subpoena.

5

Moving Defendants offer the following factors to determine whether exceptional circumstances exist: the procedural posture of the underlying case; how long it has been pending; discovery deadlines in that action; the case's complexity; and the issuing court's familiarity with the underlying case.  (*See* Moving Defendants' MOL (Doc. 13-1), p. 4.)  None of these factors, however, weigh in favor of granting Moving Defendants' motion to transfer.

In fact, the cases cited by the Moving Defendants applying these factors, show that transfer would not be appropriate as applied to the instant dispute concerning the Red Roof Subpoena.  *See e.g. Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, 5:15-MC-00064, 2015 WL 7308655, at *2 (N.D. Ohio Nov. 19, 2015) (transferring action *sua sponte*, explaining that the case "exemplifies exceptional circumstances that warrant transfer" where defendant filed motion to quash a subpoena issued by the plaintiff to defendant's former and current counsel raising complex issues requiring knowledge of background facts of underlying litigation); *Ford Glob. Techs., LLC v. New World Intern., Inc.*, C15-1329JLR, 2015 WL 6507151, at *3 (W.D. Wash. Oct. 27, 2015) (denying motion to transfer subpoena-related dispute despite possibility of the issuing court's imminent ruling on scope of discovery).

The Moving Defendants further argue that there is a risk of inconsistent rulings because the Issuing Court has already ruled on a motion finding that discovery sought after the fact discovery deadline was not permissible.  (*See* Moving Defendants' MOL (Doc. 13-1), p. 6 (citing to Underlying Litigation Doc. No. 440, at pp. 6, 8.))  This argument is confusing, but not compelling.  By filing the current post-discovery deadline motion, Moving Defendants are actually seeking a ruling inconsistent with the Issuing Court's prior ruling.  On February 9, 2021, the Issuing Court agreed with Moving Defendants that discovery was closed and denied Plaintiff's motion to compel a deposition of Marriott's employee past the discovery deadline (although

6

Plaintiff's motion to compel was filed within the discovery deadline). (*See* Underlying Litigation Doc. No. 440.) In other words, in the Moving Defendants' best-case scenario, they will get an inconsistent ruling out of their own making. To avoid any inconsistency, based on Moving Defendants own arguments, this Court need simply deny the motion to compel. That said, this is a self-created inconsistency based on the Moving Defendants taking differing positions on the discovery deadline. This inconsistency of their own making, while strategically questionable, is not exceptional and does not alter the general basis for Priceline's opposition (discussed below).

### iii. Priceline's Opposition to the Red Roof Subpoena is Largely Procedural and Does not Require This Court to Have Knowledge on the Facts of the Underlying Litigation

The Moving Defendants further argue that the Issuing Court's "familiarity with this complex antitrust case is considerable…", (Moving Defendants' MOL (Doc. 13-1), 4), but fail to explain how familiarity with the case is necessary to resolve the dispute concerning the Red Roof Subpoena. In support of their position, the Moving Defendants cite to cases which concern objections based on relevancy, overbreadth and/or burden. The Moving Defendants, however, fail to explain how the relevancy of the subpoenaed information is an issue in the foregoing case. This is because it is not.

As explained above, Priceline's primary objection to the Red Roof Subpoena is that it is no longer valid as the serving party has been dismissed with prejudice from the Underlying Litigation and that the Moving Defendants do not have standing to compel it. Fed. R. Civ. P. 45(d)(2)(b)(i) unambiguously states, in pertinent part:

> (i) At any time, on notice to the commanded person, ***the serving party may move the court for the district where compliance is required for an order compelling production or inspection***.

Red Roof has not moved to compel a response to their subpoena and there is no dispute that none of the Moving Defendants served the Red Roof Subpoena. As such, pursuant to the plain language

of Fed. R. Civ. P. 45(d)(2)(b)(i), Moving Defendants lack standing to bring the motion to compel. *See Troice v. Proskauer Rose LLP*, 3:09-CV-1600-N-BG, 2015 WL 13729620, at *2 (N.D. Tex. Mar. 9, 2015) (finding that only the issuing party has standing to compel subpoena, even though the notice of subpoena states that co-defendants "intend to serve the attached subpoena.") "Rule 45(d)(2)(B)(I) specifically states that the '***serving party*** may move the court ... for an order compelling production or inspection.'" *Id*. (emphasis in the original).

Importantly, there is no ambiguity which requires case law to interpret the language of Rule 45(d)(2)(b)(i): "the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  Compared with the language providing standing to quash a subpoena, Congress did not leave room for interpretation.  *See* Fed. R. Civ. P. 45(d)(3)(A) and (B) ("On a timely motion…" and "[t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena…")  Indeed, the utter lack of case law on this issue further demonstrates the clarity of the language.[3]

Nevertheless, as explained above, resolution of these procedural defects of the Red Roof Subpoena do not require knowledge on the anti-trust claims involved in the Underlying Litigation, and thus transfer is not warranted.

---

[3] To support their motion to compel, the Moving Defendants' cite to a single, unreported, District of Kansas case which appears to contradict the plain language of Rule 45.  *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 05-2164-MLB-DWB, 2007 WL 1112525 (D. Kan. Apr. 11, 2007).  In fact, the only case which references the *Heartland* decision declined to follow its holding.  *See Dugas v. Mercedes-Benz USA, LLC*, 6:12-CV-02885, 2014 WL 458083, at *1 (W.D. La. Feb. 3, 2014) (distinguishing *Heartland*, and finding that a party "does not have standing to compel responses to discovery propounded by another party, especially now that the propounding party has been dismissed from the suit.")

## B. The Burden on Priceline is Irrelevant as Moving Defendants Have Failed to Show Exceptional Circumstances

To employ a strict balancing test of the exceptional circumstances and the burden on the subpoenaed party litigating in the issuing court ignores the plain the language of Rule 45 (d) and (f), which requires the motion to be brought in the compliance court and allows transfer only upon consent of the subpoenaed party or where "exceptional circumstances" exist. Since the Moving Defendants failed to show that "exceptional circumstances" exist, the burden on Priceline in litigating in the Eastern District of Texas is not relevant. *See Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 407 (N.D. Ala. 2014) ("exceptional circumstances must first be found before any balancing takes place. The lack of a burden imposed on the nonparty by transfer is not in itself an exceptional circumstance and is insufficient to warrant transfer."). To argue that transfer is proper because there is no burden on Priceline in litigation in the Eastern District of Texas since it conducts business nation-wide ignores the applicable standards. *See Isola USA Corp. v. Taiwan Union Tech. Corp.*, 12-CV-01361-SLG, 2015 WL 5934760, at *4 (D. Mass. June 18, 2015) ("the fact that the party subject to subpoena is a large profitable company cannot mean exceptional circumstances without creating a type of 'Fortune 500' exception where any large and successful business would lose the protections of Rule 45.")

To be sure, the cases cited to by the Moving Defendants' in support of its argument that Priceline (or BHI for that matter) is not significantly burdened, found that "exceptional circumstances" existed. *Flynn v. FCA US LLC*, 216 F. Supp. 3d 44, 47 (D.D.C. 2016) ("On balance, however, consideration of a host of additional circumstances tips the balance in favor of finding 'exceptional circumstances' warranting transfer of [moving party's] motion to quash to the [issuing court].") *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 37 (D.D.C. 2014) ("the Court finds that 'exceptional circumstances' exist such that the [issuing court]" should resolve the

subpoena-related motion.)  Since the Moving Defendants have failed to show that "exceptional circumstances" exist, the burden on Priceline in litigation in the Issuing Court is irrelevant.

## IV. CONCLUSION

For the foregoing reasons, non-party Booking Holdings, Inc. respectfully requests that the Court deny the Moving Defendants' motion to transfer.


Dated:  February 25, 2021	Respectfully submitted,

ROBINSON & COLE LLP


By: */s/ Joseph L. Clasen*
    Joseph L. Clasen (ct04090)
    Ian T. Clarke-Fisher (ct28684)
    1055 Washington Blvd.
    Stamford, CT 06901
    Tel. No.: (203) 462-7500
    Fax No.: (203) 462-7599
    Email:  jclasen@rc.com
    Email: iclarke-fisher@rc.com

    *Counsel for Non-Party, Booking Holdings Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 25th day of February, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                              */s/ Joseph L. Clasen*
                                               Joseph L. Clasen